# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50076
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDUARDO PEREZ-LOPEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-619-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eduardo Perez-Lopez pleaded guilty to being found in the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b)(1)(2), and was sentenced within the advisory Sentencing Guidelines range to 41 months' imprisonment. Perez contends his sentence is substantively unreasonable because it overstates his criminal history and fails to account for "his ability to remain in Mexico", claiming "he worked there from 2009 until 2013". He

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

further contends the crime-of-violence enhancement, pursuant to Guideline § 2L1.2, resulted in his prior conviction's being counted twice in the calculation of his advisory Guidelines sentencing range. Citing *Kimbrough v. United States*, 552 U.S. 85 (2007), Perez also asserts a presumption of reasonableness should not be applied to his within-Guidelines sentence because § 2L1.2 is not supported by empirical data or national experience.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, Perez does not claim procedural error. He claims only that his sentence is substantively unreasonable.

Our court has consistently rejected Perez' "double counting argument" and his claim that § 2L1.2 results in an excessive sentence because it is not empirically based. *E.g., United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009). Further, Perez acknowledges his challenge to the presumption of reasonableness is foreclosed; he raises it to preserve it for possible further review. *E.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009). The district court considered Perez' arguments for a below-Guidelines sentence, including the alleged circumstances surrounding his prior conviction for burglary of a habitation. Perez has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *E.g.,*

No. 14-50076

*United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

AFFIRMED.